STATE OF MONTANA,
    Plaintiff,
-vs-
DARREN DEAN YARDE,
    Defendant.

CAUSE NO. DC-1993-251
DECISION

On May 16, 2014, the Defendant's suspended sentence for Forgery, a Felony, in violation of §45-6-325(1)(a)(b) (1993) MCA, was revoked and he was sentenced to a commitment to the Department of Corrections for a term of five (5) years, to run consecutive to the sentence in Cause No. DC-13-331(B) [*Ten (10) years MSP with ten (10) years suspended*], with the recommendation for placement in an appropriate treatment facility, with credit for time served.

On November 7, 2014, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by Ed Sheehy, Jr., Montana Office of Public Defender. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the

authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

The Division unanimously finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive. The Chair directs Mr. Yarde with respect to his particular argument that his sentence is an illegal sentence in that his probation had already been discharged. That is not reflected in the record before the Sentence Review Division. That argument must be made to the district court if in fact Mr. Yarde has the evidence to show that the court lacked jurisdiction to impose the sentence at issue.

Therefore, it is the unanimous decision of the Division that the sentence shall be AFFIRMED.

Done in open Court this 7th day of November, 2014.

DATED this 24th day of November, 2014.

Chairperson, Hon. Brad Newman, Member Hon. Kathy Seeley and Member Hon. Brenda Gilbert.